# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cv-24-JDR-SH

Vance Dillon Wright,

                                  *Petitioner*,

versus

Scott Tinsley, *Interim Warden*,[1]

                                  *Respondent*.

## OPINION AND ORDER

Petitioner Vance Dillon Wright, an Oklahoma prisoner appearing *pro se*, seeks federal habeas relief under 28 U.S.C. § 2254 through a petition for writ of habeas corpus. Dkt. 1. Mr. Wright alleges: (1) the forensic pathologist falsely testified; (2) a *Brady* violation premised on a toxicology report; and (3) jury tampering. *See* Dkt. 1 at 7-12. Respondent Scott Tinsley moves to dismiss the petition, asserting this Court lacks jurisdiction to adjudicate the petition because it is an unauthorized second or successive habeas petition. Dkts. 9 and 10. The Court considered Mr. Wright's petition [Dkt. 1], Respondent's motion and brief in support [Dkts. 9 and 10] and applicable law.[2] For the following reasons, the motion to dismiss [Dkt. 9] is granted.

---

[1] Mr. Wright is incarcerated at Dick Conner Correctional Center, and Scott Tinsley is the Interim Warden of that facility. The Court therefore substitutes Scott Tinsley, Interim Warden, in place of Randy Harding as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

[2] Mr. Wright did not file a response.

No. 25-cv-24

I

A Rogers County jury found Mr. Wright guilty of first-degree murder in Rogers County District Court Case No. CF-2012-536 on October 14, 2014. Docket, *State v. Wright*, Case No. CF-2012-536 (Rogers Cnty. Dist. Ct.);[3] *see also* Dkt. 10-1. Mr. Wright was sentenced to life on December 16, 2014. Dkt. 10-1. Mr. Wright appealed his conviction, and the Oklahoma Court of Criminal Appeals affirmed the Judgment and Sentence on May 4, 2016. Dkt. 10-2.

Relevant to this motion, Mr. Wright filed a petition for writ of habeas corpus in this court, in Case No. 17-cv-688-GKF-FHM, on December 28, 2017 (the "2017 case"). Dkt. 10-5. Mr. Wright raised ineffective assistance of counsel. Dkt. 10-5 at 7. On January 29, 2018, Mr. Wright moved to amend his petition. Dkt. 10-6. The court directed the respondent to file a response addressing both Mr. Wright's original petition and his motion for leave to amend. Order, *Wright v. Dowling*, Case No. 17-cv-688-GKF-FHM (N.D. Okla. February 5, 2018), Dkt. 14. The respondent moved to dismiss for lack of exhaustion and objected to Mr. Wright's request to amend. Dkt. 10-7. The court then granted Mr. Wright's motion to amend and denied as moot respondent's motion to dismiss. Dkt. 10-8.

Mr. Wright then filed an amended petition alleging: (1) prosecutorial misconduct premised on the forensic pathologist and forensic anthropologist's allegedly false testimony and 2) insufficient evidence. Dkt. 10-9. The respondent once again moved to dismiss for lack of exhaustion. Dkt. 10-10. The court found Mr. Wright "failed to exhaust available state remedies as to

---

[3] The state court docket sheet for this case is available to the public through Oklahoma State Courts Network (oscn.net). "Federal courts may take judicial notice of state court docket sheets, and proceedings in other courts that have direct relation to matters in issue." *Davis v. Morgan*, Case No. 21-cv-411-GKF-JFJ, 2021 WL 6298321, at *1, n.2 (N.D. Okla. Sep. 27, 2021) (unpublished) (citing *Stack v. McCotter*, 79 F. App'x. 383, 391 (10th Cir. 2003), and *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

the prosecutorial misconduct claim" but Mr. Wright "fairly presented the sufficiency-of-the-evidence claim alleged in claim two of the amended petition by presenting it to the OCCA on direct appeal." Dkt. 10-11 at 6. The court concluded, "[n]otwithstanding [Mr. Wright's] failure to exhaust claim one, the [c]ourt finds that both claims should be denied on the merits." *Id.* Mr. Wright did not appeal the denial of his petition for writ of habeas corpus to the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit").

Mr. Wright's instant petition is before the Court. Dkt. 1. As noted, Mr. Wright alleges: (1) the forensic pathologist falsely testified; (2) a *Brady* violation premised upon a toxicology report; and 3) jury tampering. Dkt. 1 at 7-12. Respondent contends the petition is an impermissible second or successive habeas petition. Dkt. 10 at 8. First, Respondent argues these claims were previously presented in a prior petition and dismissal is required by 28 U.S.C. § 2244(b)(1). *Id.* at 12-14. Further, Respondent argues this Court should decline to transfer the petition to the Tenth Circuit because Mr. Wright has not demonstrated he satisfies the AEDPA criteria, 28 U.S.C. § 2244(b)(2)-(3), his petition is untimely, and his claims are unexhausted. *See* Dkt. 10.

II

The Court agrees with Respondent that the petition should be dismissed. This is Mr. Wright's second-in-time habeas petition challenging the criminal judgment entered against him in Rogers County District Court Case No. CF-2012-536. Mr. Wright filed the 2017 case [Dkt. 10-9] and now the instant petition [Dkt. 1]. This court denied the petition from the 2017 case on the merits. Dkt. 10-11. Therefore, the instant petition is appropriately considered a second or successive habeas petition. *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011).

A district court must dismiss claims asserted in a second or successive petition filed by a state prisoner if those claims were "presented in a prior

application." 28 U.S.C. § 2244(b)(1). In limited circumstances, a district court may consider claims presented in a second or successive petition filed by a state prisoner if those claims were not presented in a prior petition. 28 U.S.C. § 2244(b)(2). However, before a state prisoner files a second or successive petition in district court, raising either previously presented claims or newly presented claims that might fall within § 2244(b)(2)'s narrow exceptions, the prisoner must first file a motion "in the appropriate court of appeals for an order authorizing the district court to consider" the second or successive petition. 28 U.S.C. § 2244(b)(3)(A). If the state prisoner does not obtain the requisite authorization, the district court does not have jurisdiction to adjudicate claims raised in the second or successive petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (*per curiam*) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required authorization.").

Regardless of whether the claims here are categorized as previously presented or new, Mr. Wright has not obtained the necessary authorization from the Tenth Circuit. Significantly, Mr. Wright does not assert that he obtained the requisite authorization. *See* Dkt. 1. Mr. Wright does not even acknowledge his prior petition. *Id.* at 17. On the record presented, the Court finds the petition is an unauthorized second or successive petition and concludes Respondent's motion to dismiss should be granted, and the petition should be dismissed, without prejudice, for lack of jurisdiction.[4] Because the absence of jurisdiction is a plain procedural bar to relief, the Court further concludes that no certificate of appealability should issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[4] The Court recognizes it could transfer this matter to the Tenth Circuit as an alternative to dismissal. *Cline*, 531 F.3d at 1252. But transferring the case would be a waste of judicial resources and create false hope for Mr. Wright because the petition here is barred by the statute of limitations.

No. 25-cv-24

IT IS THERFORE ORDERED that (1) the petition for writ of habeas corpus [Dkt. 1] is dismissed without prejudice for lack of jurisdiction; (2) a certificate of appealability is denied; and (3) a separate judgment of dismissal shall be entered in this matter.

IT IS FURTHER ORDERED that the Clerk of the Court shall note on the record the substitution of Scott Tinsley, Interim Warden, in place of Randy Harding as party Respondent.

DATED this 15th day of October 2025.

_____
John D. Russell
*United States District Judge*